UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN FRASER,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 06-4886 |

**MEMORANDUM/ORDER**

  On September 29, 2008, United States Magistrate Judge M. Faith Angell filed a Report and Recommendation (Doc. No. 16) affirming the decision of the Administrative Law Judge ("ALJ") in this social security appeal. On October 28, 2008, plaintiff Alan Fraser filed objections to the Report and Recommendation (Doc. No. 20). The Commissioner[1] responded to those objections on November 7, 2008 (Doc. No. 21). Upon consideration of the record of the proceedings before the ALJ, the Report and Recommendation ("R&R"), plaintiff's objections to the R&R, and defendant's response to those objections, and pursuant to 42 U.S.C. § 405(g), this court approves and adopts Magistrate Judge Angell's Report and Recommendation upholding the ALJ's decision.

  The relevant facts in this case are set out in the R&R. On May 18, 2005, the ALJ found that Mr. Fraser was disabled as of January 1, 2003, but not prior that date. The foci of plaintiff's objections are 1) that the ALJ was biased against plaintiff, thereby violating plaintiff's due process rights, because the ALJ, *inter alia,* improperly inquired into plaintiff's criminal record, attempted to speed up the hearing, sought to influence the

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration effective February 12, 2007, to succeed Joanne Barnhart. Under Fed. R. Civ. P. 12(d)(1) and 24 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as defendant in this action.

testimony of a medical expert, and substituted his own judgment for that of experts, and 2) that the ALJ did not have substantial evidence to support his finding that plaintiff retained the residual functional capacity ("RFC") for substantial gainful activity before January 1, 2003 because the ALJ disregarded the opinion of plaintiff's treating physician and improperly considered plaintiff's age when determining whether plaintiff was disabled.  Plaintiff has also attached additional medical evidence to his objections for this court's consideration.  *See* Doc. No. 20 Exh. A (filed Oct. 28, 2008).

Plaintiff is correct that "procedural due process is applicable to the adjudicative administrative proceeding" in this case.  *See Richardson v. Perales*, 402 U.S. 389, 401-02 (1971).  Accordingly, " [a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940.  However, as Judge Angell notes, 20 C.F.R. § 404.940 directs that any allegation of bias be brought before the Appeals Council, and the record establishes that plaintiff's counsel did not put the Appeals Council on notice of any allegation of bias.  *See* R&R at 15.  In any event, this court agrees with Judge Angell's conclusion that the ALJ conducted the administrative proceedings thoroughly and without bias, as evidenced by the ALJ's ultimate conclusion that the plaintiff was indeed disabled as of January 1, 2003.

Plaintiff is also correct that federal regulations 1) provide that the ALJ shall not consider vocational factors, such as age, when determining whether a claimant's condition meets or equals a "listing,"[2] and 2) favor the opinions of treating physicians over non-treating medical experts.  *See* 20 C.F.R. § 404.1526(c); 20 C.F.R. § 404.1527(d)(2).  In the Third Circuit, "the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence." *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988).

However, when medical opinions are conflicting, the ALJ determines what weight should be accorded to the medical opinions of record.  *See* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence . . . including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [the Commissioner] will weigh all of the evidence."); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (holding that "when the medical testimony or conclusions are conflicting, the ALJ is not only entitled but required

---

[2] The regulations governing claims for disability benefits "recognize that certain impairments are so severe that they prevent a person from pursuing any gainful work." *Heckler v. Campbell,* 461 U.S. 458, 460 (1983).  These impairments are listed in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 1, and are often referred to as "listings."  If a claimant's condition meets or equals a listing, the Commissioner will find the claimant disabled without further inquiry, provided that the claimant is not otherwise engaged in substantial gainful activity.

to choose between them"). "Where . . . the treating physician's opinion is conclusory, lacking explanation, and inconsistent with other medical evidence in the record, the ALJ may choose not to defer to the opinion." *Griffin v. Commissioner of Social Security*, 2009 WL 7881, at *4 (3d Cir. Jan. 2, 2009) (citing *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir.1999)).

Magistrate Judge Angell's R&R demonstrates that the opinion of plaintiff's treating physician, Dr. McClain, is not supported by treatment notes and is disputed by conflicting and contradictory evidence, including medical opinions by other doctors, as well as evidence of plaintiff's ability to function. Accordingly, the ALJ did not lack substantial evidence for his disability determination. Furthermore, Magistrate Judge Angell's R&R demonstrates that the ALJ based his decision concerning plaintiff's disability on the medical evidence presented to him, and not on an improper consideration of the plaintiff's age.

Finally, plaintiff presents this court with the following additional medical evidence: a memo from Dr. Toof discussing Fraser's visit to Dr. Toof's office on October 1, 2008; an MRI report dated September 14, 2004; the second page of a letter from Dr. Fedder, dated September 29, 2004, discussing the September 14, 2004 MRI; and a letter from Dr. McClain to Dr. Toof, dated October 2, 2008, in which Dr. McClain states that plaintiff has been "totally disabled" since October 1999.

According to the sixth sentence of 42 U.S.C. § 405(g), this court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The memo from Dr. Toof, the MRI, and the letter from Dr. Fedder are not "material" evidence within the meaning of § 405(g) because they do not refer to the plaintiff's mental or physical health prior to 2003, the relevant time period in this appeal. *See Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir. 1984) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."). The letter from Dr. McClain, meanwhile, is not new evidence that was "not in existence or available to the claimant at the time of the administrative proceeding" because Dr. McClain, as plaintiff's treating doctor, could have provided a letter of this nature to plaintiff prior to the hearing in front of the ALJ. *See Sullivan v. Finkelstein,* 496 U.S. 617, 623 (1990) (characterizing the sixth sentence of § 405(g)). Accordingly, this additional evidence does not advance plaintiff's case.

## **ORDER**

**AND NOW**, this 7 day of April, 2009, upon consideration of Plaintiff's Brief and

Statement Of Issues in Support of Request for Review (Doc. No. 7), Defendant's Response to Request for Review of Plaintiff (Doc. No. 10), the Report and Recommendation of United States Magistrate M. Faith Angell (Doc. No. 16), Plaintiff's Objections to the Report and Recommendation (Doc. No. 20), Defendant's Response to Plaintiff's Objections to the Report and Recommendation (Doc. No. 21), and the record herein, and for the reasons provided in the accompanying memorandum, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** as supplemented by the accompanying Memorandum;

2. Plaintiff's Objections to the Report and Recommendation are **OVERRULED**.

3. Judgment is entered in favor of the defendant, **AFFIRMING** the decision of the Commissioner of Social Security, and the relief sought by plaintiff is **DENIED.**

4. The Clerk of Court is hereby directed to mark this case **CLOSED.**

<u>Louis H. Pollak</u><br>
Pollak, J.